# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, et al., <br><br>   Plaintiffs, <br><br>   vs. <br><br> FEIZ ELECTRIC, INC., a California corporation, <br><br>   Defendant. | CASE NO.: CV 09-1925 FMC (JTLx) <br><br> DISCOVERY ASSIGNED TO MAGISTRATE JUDGE JENNIFER T. LUM <br><br> **PROTECTIVE ORDER** |

On May 18, 2009, Plaintiffs served on Defendant Feiz Electric, Inc. ("Defendant") a request for production, set no. 1 ("RFP"). A copy of the RFP is attached hereto as Exhibit "A" and is incorporated by reference herein.

Certain of the documents responsive to the RFP contain Defendant's employees' addresses and social security numbers ("Identification Information"). Although this Identification Information is arguably confidential in nature, Plaintiffs require the information in order to calculate fringe benefit contributions owed by Defendant, and to apply and allocate the appropriate fringe benefits to Defendant's employees.

1    IT IS HEREBY ORDERED, pursuant to the "Stipulation for Protective Order" entered into by and among the Plaintiffs and the Defendant, and good cause appearing therefore:

1. Defendant shall make available for inspection and copying the documents responsive to the RFP on June 23, 2009, at 10:00 a.m., at Plaintiffs' counsel's office.

2. Plaintiffs shall not furnish, show, disclose or otherwise disseminate the responsive records containing Identification Information to any person except to: (a) the Plaintiffs, their agents and employees; (b) counsel for the Plaintiffs and office personnel assisting counsel in the preparation and trial of this action; and (c) experts and consultants who are assisting said counsel in preparation and/or trial.  Plaintiffs shall require any person(s) identified in subparagraphs (a) through (c) to be bound to this order.

3. The records containing Identification Information may only be used for the purpose of calculating, collecting, allocating, and applying fringe benefit contributions and related amounts allegedly owed by Defendant to the Plaintiffs for work performed by employees of Defendant.  The records containing Identification Information may not be used for any other purpose by anyone, including those persons identified in Paragraph 2 herein.

4. The records containing the Identification Information produced pursuant to the RFP shall be maintained in the possession and control of the Plaintiffs and Plaintiffs' counsel in such a manner that the information is not accessible to individuals not bound by this order.

5. Unless the Court orders otherwise, Plaintiffs may only file the records containing the Identification Information with the Court after obtaining an order to seal pursuant to Local Rules 79-5.1 – 79-5.4.

6. Plaintiffs may redact the responsive records by blocking out the Identification Information contained therein.  The redacted records, containing no

Identification Information, may be provided to all third parties and may be filed with the Court without an order to seal.

7. In the event that Plaintiffs are ordered by a court or any state, federal or governmental unit to produce the records containing the Identification Information, they shall provide reasonable notice to Defendant, through its counsel, of that court order or command, so as to allow Defendant to file an appropriate opposition to such order or command.

8. The terms of this Order shall remain in full force and effect and shall not cease to be in effect because of the final adjudication of this litigation.

9. Upon resolution of this action in trial court, the responsive records containing Identification Information shall be held by Plaintiffs' counsel pending final resolution of this litigation by appeal or otherwise. Within six (6) months after such final resolution, Defendant or its counsel shall be allowed to pick up the records containing Identification Information from Plaintiffs' counsel's office on a mutually convenient date, or at Defendant's expense, Defendant may arrange with Plaintiffs' counsel for the return of such records to Defendant or its counsel via messenger, U.S. Mail or other method of return.

DATED: _June 25, 2009___          _/s/Jennifer T. Lum_____
                                  UNITED STATES MAGISTRATE JUDGE